c

RECEIVED
SDC, WESTERN DISTRICT OF L
TONY R. MOORE, CLERK
4/6/15 yt

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

SHIRLEY A. CLAY                          DOCKET NO.:3:14-cv-02755

VERSUS                                   JUDGE ROBERT G. JAMES

DR. FRANK POGUE, ET AL.                  MAGISTRATE JUDGE JAMES D. KIRK


## REPORT AND RECOMMENDATION

Before the court is a motion to dismiss filed by the defendants, Dr. Frank G. Pogue ("Dr. Pogue") and the Board of Supervisors of the University of Louisiana System ("Board of Supervisors")[1]. Defendants filed the motion pursuant to 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure on November 26, 2014. (Doc. 6) Plaintiff, Shirley A. Clay ("Clay"), filed her opposition on December 29, 2014 (Doc. 13) and the defendants filed their reply thereafter (Doc.15).

The matter, having been referred to me by the district judge for Report and Recommendation, is ripe and properly before me for consideration.

### Factual Allegations

In her complaint, Clay alleges Dr. Pogue and the Board of Supervisors violated 28 U.S.C. §1981, 28 U.S.C. §1983 and Louisiana Revised Statute 23:967 by terminating her employment with Grambling State University in retaliation for "protesting improprieties in the

---

[1] Clay misidentifies the Board of Supervisors of the University of Louisiana System as the "Louisiana Board of Supervisors".

conduct of her department and at the university."[2]   (Doc. 1, p. 1-3).
These improprieties include: "lapses in the administration of the
programs; failure to provide periodic reports; and diversion of
funding for unauthorized purposes that she believes are contrary to
the funding requirements." (Id. at 3). Her termination resulted in a
deprivation of her right to "make and enforce her employment contract
entered into with the U.S. Department of Education", "loss of liberty
of property interests without due process of law" and violation of the
Louisiana Whistleblowers Act which protects an employee who "complains
in good faith about the employer's violation of the law." (Id. at 3-
4).

Legal Standard

Motion to Dismiss pursuant to 12(b)(1)

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a party may
obtain dismissal of a claim for "lack of subject-matter jurisdiction."
In deciding a 12(b)(1) motion, the Court may consider evidence outside
the pleadings and the attachments thereto. Ambraco, Inc. v. Bossclip
B.V., 570 F.3d 233, 237-38 (5th Cir.2009). More specifically, "under
Rule 12(b)(1), the court may find a plausible set of facts by
considering any of the following: (1) the complaint alone; (2) the
complaint supplemented by the undisputed facts evidenced in the
record; or (3) the complaint supplemented by undisputed facts plus the
court's resolution of disputed facts." Lane v. Halliburton, 529 F.3d
548, 557 (5th Cir.2008)(quotations omitted). However, "no presumptive

---

[2]    Clay was employed at Grambling State University in the Division of
Institutional Development as the Endowment, Stewardship and Planned
Giving Coordinator.

truthfulness attaches to the plaintiff's allegations, and the court can decide disputed issues of material fact in order to determine whether or not it has jurisdiction to hear the case. Montez v. Dep't. of Navy, 392 F.3d 147 (5th Cir.2004).

Motion to Dismiss pursuant to 12(b)(6)

To survive a motion to dismiss filed pursuant to Fed.R.Civ.P. 12(b)(6), the plaintiffs must plead enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 622, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. All well pleaded facts shall be deemed as true and all reasonable inferences must be drawn in the plaintiffs' favor. Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 239 (5th Cir.2009). Nonetheless, a motion to dismiss filed pursuant the Fed.R.Civ.P. 12(b)(6) "is viewed with disfavor and rarely granted." Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, 677 F.2d 1045, 1050 (5th Cir.1982).

Analysis

Sovereign Immunity

Both the Board of Supervisors and Dr. Pogue contend they are entitled to sovereign immunity pursuant to the Eleventh Amendment. "The Eleventh Amendment to the United States Constitution bars suits in federal court by citizens of a state against their own state or a state agency or department." Voisin's Oyster House, Inc. v. Guidry, 799 F.2d 183, 185-86 (5th Cir.1986). The Board of Supervisors relies

on the fact it is an arm of the State and Dr. Pogue references his employment as president of Grambling State University at the time of the alleged acts.

There is no dispute that the Board of Supervisors is an arm of the State. Clay admits in her complaint that "Defendant, *Louisiana Board of Supervisors* [sic], is an agency of the state of Louisiana…." (Doc. 1, p.2). Furthermore, Article VIII, Section 6 of the Louisiana Constitution creates the Board of Supervisors for the University of Louisiana System. See <u>Laxey v. Louisiana Board of Trustees</u>, 22 F.3d 621 (5th Cir.1994).[3] As the State of Louisiana has not waived its sovereign immunity, it and its agencies are immune from suit. Accordingly, the Board of Supervisors is immune from suit and all claims against it should be dismissed with prejudice. LA. CONST. art.XII, §10, LA.Rev.Stat.Ann. §13:1506. See <u>Delahoussaye v. City of New Iberia</u>, 937 F.2d 144, 148 (5th Cir.1991).

With respect to Dr. Pogue, "[a] suit against a state official in his or her official capacity is not a suit against the official but rather a suit against the official's office. As such, it is no different than a suit against the State itself." <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 71 (1989)(Internal citations omitted).[4] Accordingly, all claims asserted against Dr. Pogue in his

---

[3] At the time <u>Laxey</u> was decided, the Board of Supervisors was known as the Board of Trustees for State Colleges and Universities. In 1998, the name changed to University of Louisiana System.
[4] The <u>Ex parte Young</u> exception does not apply to Clay's claims against Dr. Pogue as she does not seek declaratory or injunctive relief. <u>Ex Parte Young</u>, 209 U.S. 123 (1908); <u>Aguilar v. Texas Dept. of Crim. Justice</u>, 160 F.3d 1052, 1054 (5th Cir.1998).

capacity as president of Grambling State University should be dismissed.

Section 1981

Clay contends Dr. Pogue violated her right to make and enforce contracts under 28 U.S.C. §1981 when he terminated her employment. Section 1981 provides in pertinent part, "[a]ll persons within the jurisdiction of the United States shall have the same right in every state to make and enforce contracts … as enjoyed by white citizens...." 28 U.S.C. §1981(a). Thus, to establish a claim under §1981, plaintiff must allege facts showing (1) she is a member of a racial minority, (2) the defendants intended to discriminate against her on the basis of race, and (3) the discrimination concerned the making and enforcement of a contract. Felton v. Polles, 315 F.3d 470, 483 (5th Cir.2002), abrogated on other grounds by Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53 (2006),(citing Green v. State Bar of Texas, 27 F.3d 1083, 1086 (5th Cir.1994). Further, "[P]laintiffs must assert a cause of action against state actors under §1983 to remedy violations of civil rights under §1981." Oden v. Oktibbeha County, Miss., 246 F.3d 458, 463 (5th Cir.2001)(citing Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 731 (1989).

Clay's claim should be dismissed for two reasons. First, she failed to assert the cause of action under the proper statute. Second, and more importantly, she failed to assert a single allegation that she was discriminated against on the basis of race. Accordingly, her claims against Dr. Pogue for violation of 28 U.S.C. §1981 should be dismissed with prejudice.

Section 1983

Section 1983 prescribes redress for conduct by a person who, under color of state law, acts to deprive another person of any right, privilege or immunity secured by the Constitution and laws of the United States.   42 U.S.C. §1983.   Thus, an initial inquiry in a lawsuit filed pursuant to §1983 is whether the plaintiff has alleged that his/her constitutional rights have been violated.   If a constitutional violation has not been alleged, there is no cognizable claim under §1983.

Clay contends Dr. Pogue violated her First Amendment right to freedom of expression and Fifth Amendment right to due process when he terminated her contract of employment in retaliation for reporting lapses in administration of her program to various administrative officials.

Clay's claims for violation of her Fifth Amendment rights should be dismissed as "[t]he Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without 'due process of law'."   Dusenbery v. U.S., 534 U.S. 161, 167 (2002).

Even if Clay had asserted her claim under the Fourteenth Amendment, it should be dismissed as she failed to adequately assert facts which gave rise to a claim for violation of her due process rights.   The first element of a substantive or procedural due process claim is the existence of a property right.

> The Fourteenth Amendment's Due Process Clause does not
> create a property interest in government employment.

6

Rather, property interests stem from independent sources. A government employee may possess such an interest by operation of contract or state law, or perhaps a policy. Accordingly, in order to advance a due process claim in connection with his termination, [plaintiff] must point to some state or local law, contract or understanding that creates a property interest in his continued employment. Absent a property interest, there is nothing subject to due process protections and our inquiry ends.

Cabrol v. Town of Youngsville, 106 F.3d 101, 105 (5th Cir.1997)(Internal citations omitted).

Clay contends that she had a written contract that secured her employment; however, the contract she describes is a grant contract between the U.S. Department of Education and Grambling State University.  Though the grant provides money to fund the position which Clay held, the allegations to not support the inference that Clay was a party to the contract or that the contract was an employment contract.  Even if it was an employment contract, Clay failed to assert any particulars about the contract which show her employment was other than "at will".  Thus, the complaint lacks allegations which lead the court to infer that Clay possessed a property right in continued employment.  Accordingly, her claims against Dr. Pogue for due process violations under the Fourteenth Amendment should be dismissed.

Clay's final assertion against Dr. Pogue under §1983 is that he violated her First Amendment right to freedom of expression. "[P]ublic employees do not surrender all their First Amendment rights by reason of their employment.  Rather, the First Amendment protects a public employee's right, in certain circumstances, to speak as a citizen addressing matters of public concern." Garcetti v. Ceballos,

547 U.S. 410, 417 (2006).    To establish such a claim, Clay must allege facts showing (1) she suffered an adverse employment action, (2) her speech involved a matter of public concern, (3) her interest in speaking on a matter of public concern outweighed her employer's interest in efficiency and (4) her speech was a motivating factor in the adverse employment action.  Teague v. City of Flower Mound, Tex., 179 F.3d 377, 380 (5th Cir.1999)(Citations omitted).

The facts, as alleged, establish Clay suffered an adverse employment action.   She was terminated from her employment with Grambling State University.   However this is the only element which Clay's complaint establishes.   All of the other facts alleged regarding the alleged retaliation for exercising her First Amendment rights are vague.   Clay reported "improprieties" which included "lapses in administration", "failure to provide periodic reports" and "diversion of funding for authorized purposes" to the controller, Vice President of Institutional Advancement and the President of the Board of Supervisors.   These improprieties were memorialized in a letter to the President of the Board of Supervisors but Clay fails to state the means by which she communicated her complaints to either the controller or VP of Institutional Advancement.

Though Clay is correct in citing Federal Rule of Civil Procedure 8 for the proposition that only a short and plain statement of the claim is required, the short and plain statement must still show that she is entitled to relief.   The complaint simply does not contain enough allegations to state a claim to relief that is plausible on its face.  Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly,

550 U.S. at 570.  There is simply no indication that she reported the improprieties as a citizen rather than as a part of her duties as a coordinator in the Division of Institutional Advancement.  Nor are there allegations which would lead the court to infer her speech was a motivating factor in her termination.  Though she asserts that Dr. Woodley and Dr. Pogue discussed the fact she reported improprieties, this alone does not lead the court to draw the inference that her reporting was the motivation for her dismissal.

Though Clay's factual allegations are lacking, the undersigned is uncertain she is without facts sufficient to establish a First Amendment claim.  This, coupled with the fact motions to dismiss are disfavored, leads me to recommend that she be afforded the opportunity to amend her complaint to assert a First Amendment violation by Dr. Pogue.

Qualified Immunity

In light of the foregoing, it is premature to address the qualified immunity defense.  However, if the district judge finds the complaint should be amended to assert a cause of action for violation of her First Amendment rights, he should also order Clay to address the qualified immunity defense.  That is, she must allege facts focusing specifically on the conduct of Dr. Pogue and those facts should specifically address what rights were violated, what facts support those allegations and the reasons Dr. Pogue is not entitled to qualified immunity.  See Shultea v. Wood, 47 F.3d 1427 (5th Cir.1995).

Louisiana Whistleblower Act

Louisiana Revised Statute 23:937, known as the Whistleblower

Statute, provides in pertinent part:

> An employer shall not take reprisal against an employee who
> in in good faith, and after advising the employer of the
> violation of law:
>
> (1) Discloses or threatens to disclose a workplace act or
> practice that is in violation of state law.
>
> (2) Provides information to or testifies before any public
> body conducting an investigation, hearing or inquiry into
> any violation of law.
>
> (3)Objects or refuses to participate in an employment act
> or practice that is in violation of law.

The Louisiana Supreme Court has not yet addressed whether a

whistleblower plaintiff must prove an actual violation of state law.

However, an Erie[5] analysis leads the undersigned to conclude that the

Louisiana Supreme Court would require a plaintiff to prove an actual

violation of state law.[6]  Louisiana appellate courts have addressed the

issue and have held proof of an actual violation of state law is

required to proceed under the statute.  Puig v. Greater New Orleans

Expressway Comm'n, 772 So.2d 842 (La.App. 5 Cir. 10/31/00); Hale v.

Touro Infirmary, 886 So.2d 1210 (La.App. 4 Cir. 11/3/04); Accardo v.

Louisiana Health Services & Indem. Co., 943 So.2d 381 (La.App. 1 Cir.

6/21/06).   As Clay has failed to articulate any state law which

defendants violated, she has not sufficiently asserted a claim under

the statute.   Thus, the claim should be dismissed.

Based on the foregoing,

---

[5] Erie Railroad v. Thompkins, 304 U.S. 64 (1938).
[6] See Accardo v. La. Health Servs. & Indem. Co., 943 So.2d 381, 383
(La.Ct.App. 1st Cir.2006); Puig v. Greater New Orleans Expressway Comm'n, 722
So.2d 842, 845 (La.Ct.App. 5th Cir.2000);

**IT IS HEREBY RECOMMENDED** that the defendants' motion to dismiss (Doc. 6) be **GRANTED IN PART**. Clay's claims against the Board of Supervisors of the University of Louisiana System and against Dr. Pogue in his official capacity should be **DISMISSED with prejudice.** Additionally, Clay's claims against Dr. Pogue in his personal capacity under §1981, §1983 for violation of Clay's Fifth and Fourteenth Amendment rights and Clay's Whistleblower claim under La. R.S. 23:967 should be **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER RECOMMENDED** that Clay be afforded the opportunity to amend her complaint to reassert her claim under §1983 for violation of her First Amendment rights by Dr. Pogue and to address his defense of qualified immunity as set forth herein.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.   Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged.   Timely objections will be considered by the district judge before making a final ruling.

<u>OBJECTIONS</u>

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN**

AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON

APPEAL   THE   UN-OBJECTED-TO   PROPOSED   FACTUAL   FINDINGS   AND   LEGAL

CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

THUS DONE AND SIGNED at Alexandria, Louisiana on this ___ day of

April, 2015.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE