

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| SHIRLEY A. CLAY | DOCKET NO.:3:14-cv-02755 |
| VERSUS | JUDGE ROBERT G. JAMES |
| DR. FRANK POGUE, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court is defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim under 42 U.S.C. §1983 (Doc 23).

On September 18, 2014, Shirley Clay filed suit against Dr. Pogue and the Board of Supervisors for the University of Louisiana System alleging they violated 28 U.S.C. §1981, 28 U.S.C. §1983 and Louisiana Revised Statute 23:967. Clay alleged the defendants terminated her employment with Grambling State University in retaliation for "protesting improprieties in the conduct of her department and at the university."[1] (Doc. 1, p. 1-3).

On November 26, 2014, defendants filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6). Defendants' 12(b)(1) defense was based upon Eleventh Amendment Sovereign Immunity. In support of their 12(b)(6) defenses they argued Clay failed to allege racial based animus or discrimination in support of her §1981 claim,

---

[1] Clay was employed at Grambling State University in the Division of Institutional Development as the Endowment, Stewardship and Planned Giving Coordinator.

failed to assert a constitutionally protected liberty or property interest of which she was deprived in support of her §1983 claim, and failed to establish a violation of state law as required by the Louisiana Whistleblower Statute, La. R.S. 23:967 (Doc. 6).

On April 6, 2015, I issued a report and recommendation recommending Clay's claims against Dr. Pogue in his official capacity and the Board of Supervisors be dismissed as they were entitled to sovereign immunity. I further recommended the claims against Dr. Pogue in his personal capacity - with the exception of her §1983 claim for violation of her First Amendment rights - be dismissed for failure to state a claim under those statutes. I suggested Clay be afforded leave to amend to reassert her claim for violation of her First Amendment rights under §1983 and that she be allowed to address Dr. Pogue's defense of qualified immunity.

On April 24, 2015, the district judge adopted the report and recommendation in part (Doc. 21). He dismissed Clay's §1981 claims and those asserted pursuant to §1983 claim for violation of her Fifth and Fourteenth Amendment rights. He then ordered Clay to amend her complaint and reassert her claims under §1983 for violation of her First Amendment rights and the Louisiana Whistleblower Statute. The district judge advised that once her amended complaint was filed, he would *sua sponte* consider her whistleblower claim to determine if she alleged a plausible violation of Louisiana state law.

Clay amended her complaint on May 4, 2015 and asserted facts to supplement assertions made in paragraphs 12, 16 and 17 of her original complaint (Doc. 22). Thereafter, Dr. Pogue filed the instant motion

2

to dismiss alleging Clay failed to set forth a claim under §1983 for violation of her First Amendment rights (Doc. 23).

On May 22, 2015, the district judge issued an order referring both the motion to dismiss and *sua sponte* consideration of plaintiff's whistleblower claim to me for report and recommendation (Doc. 25). As Clay filed her opposition to the motion (Doc. 26) and Dr. Pogue replied (Doc. 27), the matter is ripe for consideration.

## Law and Analysis

### First Amendment Violation

Clay relies on Fed.R.Civ.P. 8(a)(2) to support her argument that the allegations in her complaint are sufficient to survive a motion to dismiss. Though Clay is correct that Rule 8(a)(2) provides for notice pleadings, Rule 8(a)(2) does not set the standard necessary for overcoming a 12(B)(6) motion.

Relevant case law states that a plaintiff must plead enough facts to "state a claim to relief that is plausible on its face" to survive a motion to dismiss filed pursuant to Fed.R.Civ.P. 12(b)(6). Ashcroft v. Iqbal, 556 U.S. 622, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Though the complaint must provide more than conclusions, it "need not contain detailed factual allegations." Colony Ins. Co. v. Peachtree Constr., Ltd., 647 F.3d 248, 252 (5th Cir. 2011). Nonetheless, the facts alleged must move the claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. All well

pleaded facts shall be deemed as true and all reasonable inferences must be drawn in the plaintiffs' favor. Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 239 (5th Cir.2009).

Clay asserts Dr. Pogue violated her First Amendment right to freedom of expression. To establish such a claim, Clay must allege facts showing: (1) she suffered an adverse employment action, (2) her speech involved a matter of public concern, (3) her interest in speaking on a matter of public concern outweighed her employer's interest in efficiency, and (4) her speech was a motivating factor in the adverse employment action. Teague v. City of Flower Mound, Tex., 179 F.3d 377, 380 (5th Cir.1999)(Citations omitted).

The facts alleged in her complaints establish Clay suffered an adverse employment action. Additionally, the newly added facts regarding the misuse of Title III funds plausibly establish that the matter was of public concern. However, Clay fails to include any non-conclusory statements regarding the First Amendment violation in either of her complaints. All of the facts, taken as true, fail to indicate she reported the improprieties as a citizen rather than as a part of her duties as a coordinator in the Division of Institutional Advancement. Additionally, her complaints lack allegations which would lead the court to infer her speech was a motivating factor in her termination. Accordingly, Clay has not established a §1983 claim for violation of her First Amendment rights.

Qualified Immunity

In light of the foregoing, there is no need to address the issue of qualified immunity.

Louisiana Whistleblower Act

Louisiana Revised Statute 23:937, known as the Whistleblower Statute, provides in pertinent part:

> An employer shall not take reprisal against an employee who in in good faith, and after advising the employer of the violation of law:
>
> (1) Discloses or threatens to disclose a workplace act or practice that is in violation of state law.
>
> (2) Provides information to or testifies before any public body conducting an investigation, hearing or inquiry into any violation of law.
>
> (3) Objects or refuses to participate in an employment act or practice that is in violation of law.

Previously, Clay failed to set forth a state law which defendants violated but she amended her complaint to assert that Dr. Pogue and his administration diverted Title III funds specifically designated for personnel payroll purposes to cover losses to endowment funding. She further alleged that this conduct was in violation of Louisiana Revised Statutes 14:26 – conspiracy, 14:70 – falsifying public records, and 14:133 – filing or maintaining false public records.

These allegations, taken as true, state a claim for relief that is plausible on its face.

Based on the foregoing,

**IT IS RECOMMENDED** that defendants' motion to dismiss (Doc. 23) be **GRANTED and** Clay's §1983 claim for violation of her First Amendment rights be **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER RECOMMENDED** that Clay's whistleblower claim under La. R.S. 23:967 not be dismissed and that the district judge exercise

5

his discretion in deciding whether to exercise supplemental jurisdiction over the claim as no Federal claims remain.

## Objections

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before making a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana on this 7th day of August, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE