U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAR 09 2016

TONY R. MOORE CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| SHIRLEY A. CLAY,<br>Plaintiff | CIVIL ACTION NO. 3:14-CV-2755 |
| VERSUS | JUDGE JAMES |
| FRANK G. POGUE, ET AL.,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is Plaintiff's Motion for Entry of Default (Doc. 34). Plaintiff states that Defendant failed to file his answer to the complaint by October 6, 2015. According to the Plaintiff, in the Case Management Report filed October 5, 2015, the Defendant agreed by consent to file his answer to the complaint by October 6, 2015. No extension to the deadline was sought or granted. Defendant filed his answer on November 3, 2015 (Doc. 35).

In section 3(A), entitled Responsive Pleadings, of the Rule 26(f) Case Management Report ("Report") filed on October 5, 2015, it is noted that Defendant(s) had not filed an Answer to the Complaint for Damages or the Amended Complaint for Damages, and that counsel for Defendant remained uncertain regarding on whose behalf the Answer should be filed. Additionally, the Report states that counsel for Defendant(s) are prepared to answer the suit in accordance with the Court's clarification and that "Plaintiff has agreed not to take any adverse action against the Defendant(s) until such time as the Court issues its clarification, and Defendant(s) Answer suit promptly after the issuance of such clarification." (Doc. 31).

Federal Rule of Civil Procedure 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." This rule is only available when a party has become so unresponsive that the adversary process has essentially been halted. Sun Bank of Ocala v. Pelican Homestead & Savings Ass'n, 874 F.2d 274, 276 (5th Cir. 1989). "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." Id.

In the instant case, the Defendants did file an Answer to the Complaint and the Amended Complaint on November 3, 2015 (Doc. 35). Even if the deadline to file the Answer had passed, the delay does not rise to the level that requires the drastic remedy of a default judgment.

Accordingly, IT IS ORDERED the Motion for Entry of Default (Doc. 34) is DENIED.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 8th day of March, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge

2